UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KASEEM ALI-X,  :
: Civil Action No. 12-3147 (JBS)
        Plaintiff,  :
:
       v.  : **MEMORANDUM OPINION and ORDER**
:
ALL THE EMPLOYEES OF MAIL  :
ROOM STAFFS,  :
:
        Defendants.  :

**APPEARANCES:**

Plaintiff pro se
Kaseem Ali-X
East Jersey State Prison
Rahway, NJ 07065

**SIMANDLE**, Chief Judge:

    This matter having come before the Court pursuant to Plaintiff's submission of a Complaint and application to proceed in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915, and

    The Court having considered Plaintiff's application to proceed in forma pauperis, and having screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e, and the Court finding that dismissal of the Complaint is not warranted at this time;

    AND IT APPEARING THAT:

    Plaintiff seeks to assert various constitutional claims against fictitious mailroom employees arising out of an alleged

pattern and practice of opening properly marked incoming legal mail outside of his presence on approximately ten occasions between May 24, 2010 and September 30, 2011, and of confiscating the contents of such mail on approximately four occasions; and it further appearing that

The Court of Appeals for the Third Circuit has held that a pattern and practice of opening legal mail, including mail sent to and from courts, outside a prisoner's presence impinges upon an inmate's First Amendment right to freedom of speech, and that such practices are valid only if they are "reasonably related to legitimate penological interests."  Jones v. Brown, 461 F.3d 353, 358-64 (3d Cir. 2006) (quoting Turner v. Safley, 482 U.S. 78, 89 (1997)), cert. denied, 127 S.Ct. 1822 (2007).  See also Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), implied overruling on other grounds recognized in Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997); and it further appearing that

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," Hudson v. Palmer, 468 U.S. 517, 526 (1984), and numerous lower courts have held that this applies as well to searches of a prisoner's incoming mail, see, e.g., Horacek v. Grey, 2010 WL 914819 at *5 (W.D. Mich. March 12, 2010); Thomas v. Kramer, 2009 WL 937272 at *2 (E.D. Calif., April 7, 2009); Hall v. Chester, 2008 WL 4657279 at *6 (K. Kan. Oct.

20, 2008); Rix v. Wells, 2008 WL 4279661 at *2 (M.D. Fla. Sept. 16, 2008; and it further appearing that

In order to state a claim for denial of access to the courts in violation of the First Amendment, a prisoner must show "actual injury" with respect to litigation challenging his conviction or the conditions of his confinement, see, e.g., Lewis v. Casey, 518 U.S. 343, 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  Here, Plaintiff describes neither the nature of the litigation nor any circumstance that could be considered "actual injury" with respect to a protected form of litigation;

IT IS, therefore, on this __**6th**__ day of __**June**__, **2012**, hereby

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Warden of East Jersey State Prison; and it is further

ORDERED that Plaintiff's First Amendment claim challenging the pattern and practice of opening his legal mail outside his presence MAY PROCEED; and it is further

ORDERED that the access-to-courts claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and it is further

ORDERED that the Fourth Amendment claim is DISMISSED WITH PREJUDICE for failure to state a claim; and it is further

ORDERED that within 180 days after entry of this Order, Plaintiff shall file an amended complaint identifying by name the fictitious defendants who are alleged to have engaged in a pattern and practice of opening his properly-marked legal mail outside of his presence, or face possible dismissal without further notice for failure to prosecute; and it is further

ORDERED that within 30 days after entry of this Order, Plaintiff may file an amended complaint addressing the deficiencies of the Complaint with respect to the access-to-courts claim; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), upon receipt of adequate identifying information regarding the fictitious defendants, the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon such defendants, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants who are served shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

        **s/ Jerome B. Simandle**
        Jerome B. Simandle
        Chief Judge
        United States District Court