```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KASEEM ALI-X, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 12-3147 (JBS/KMW) |
| ALL THE EMPLOYEES OF MAIL ROOM STAFFS, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Kaseem Ali-X
260516
N.J.S.P.
P.O. Box 861
Trenton, NJ 08625
    Pro Se Plaintiff

Alex Joseph Zowin, Esq.
Lucy Elizabeth Fritz, Esq.
State of New Jersey
Office of the Attorney General
Hughes Justice Complex
25 Market Street
Trenton, NJ 08611
    Attorneys for Defendant Christopher Holmes

**SIMANDLE, Chief Judge:**

I.    INTRODUCTION

    Plaintiff Kaseem Ali-X, who is representing himself, asserts claims under 42 U.S.C. § 1983 alleging that mail room employees in South Woods State Prison ("SWSP") opened his properly-marked incoming legal mail outside of his presence and

1

that SWSP administrators allowed subordinates to discard his written complaints about the opening of his mail. This matter comes before the Court on Defendant Christopher Holmes' motion to dismiss [Docket Item 18], Plaintiff's motion to stay [Docket Items 22] adjudication of the motion to dismiss until he can conduct discovery, and Plaintiff's motion to stay/amend his complaint [Docket Item 25].

Claims against Defendant Holmes in his official capacity will be dismissed with prejudice because, in his official capacity, he is not a person amenable to suit under § 1983 and is entitled to Eleventh Amendment immunity. Claims against Defendant Holmes in his individual capacity will proceed because Plaintiff has satisfied the pleading standards under Federal Rule of Civil Procedure 8(a). Plaintiff's motion to amend his complaint will be granted.

**II.  BACKGROUND**

**A. Plaintiff's Allegations**

Plaintiff Kaseem Ali-X, who is currently incarcerated at New Jersey State Prison, brought this action against Defendants Christopher Holmes, Karen Balicki, and All the Employees of Mail Room Staffs. Balicki and Holmes are sued in their individual and official capacities. The mail room employees are sued in their individual capacities. The Defendants are employees of

2

Southwoods State Prison ("SWSP"), where Plaintiff was previously incarcerated, and Plaintiff's allegations describe events that occurred while he was at SWSP.

Plaintiff alleges that mail room employees opened his properly marked, incoming legal mail outside his presence on May 24, 2010; June 12, 2010; July 9, 2010; July 23, 2010; August 13, 2010; March 27, 2011; July 11, 2011; September 27, 2011; and September 30, 2011. [Docket Item 11 (Am. Compl.) ¶ 6(a).) He also alleges that mail room employees took his legal papers on April 2, 2011; July 11, 2011; September 27, 2011; and September 30, 2011. (Id. ¶ 6(b).)

Plaintiff alleges that Defendant Balicki, a SWSP administrator, allowed the unlawful mail-opening to occur because her subordinates had a known and customary practice of discarding Inmate Remedy System Forms ("IRSFs"). (Id. ¶ 6(c).) Plaintiff also alleges that Balicki failed to intervene when Plaintiff mailed her copies of the unprocessed IRSFs and informed her about the unlawful conduct during wing representative meetings. (Id. ¶ 6(c).)

Defendant Holmes, also a SWSP administrator, allegedly allowed subordinates' known practice of processing certain ISRFs and discarding others. (Id. ¶ 6(d).) Plaintiff alleges that he mailed copies of the unprocessed ISRFs to Defendant Holmes and

3

informed Holmes of the problems when Holmes toured the prison. (Id. ¶ 6(d).)

Plaintiff seeks compensatory damages and punitive damages for each instance of unlawfully opened mail and costs of suit. (Id. ¶ 7.)

**B. Procedural History**

The Court issued an order on June 8, 2012 [Docket Item 2] allowing, inter alia, Plaintiff's First Amendment claims against the mail room employees to proceed past an initial screen pursuant to 28 U.S.C. § 1915. The June 8, 2012 Order mandated that "within 180 days after entry of this Order, Plaintiff shall file an amended complaint identifying by name the fictitious defendants who are alleged to have engaged in a pattern and practice of opening his properly-marked legal mail outside of his presence. . . ." [Docket Item 2 at 4.]

Because Plaintiff could not identify the mail room employees despite his reasonable efforts, the Court issued an Order [Docket Item 8] permitting Plaintiff to file an amended complaint naming the Administrator of South Woods State Prison as a nominal Defendant and naming the unidentified mail room employees as Defendants John Does 1-10.

Plaintiff then submitted a motion to file an Amended Complaint. [Docket Item 9.] The Amended Complaint named Defendants Karen Balicki, Christopher Holmes, and Jane Doe and

4

John Doe of the SWSP mail room staff. The Court issued an order allowing Plaintiff to file the Amended Complaint and noting that "[a]fter the named Defendants are served and respond to the Amended Complaint, Plaintiff will have the opportunity in due course to seek discovery of the identities of the John Doe Defendants and to promptly thereafter propose a Second Amended Complaint that names them." [Docket Item 10 at 3.]

Holmes was served [Docket Item 14], but Balicki's summons was returned unexecuted [Docket Item 13].

Holmes then filed a motion to dismiss [Docket Item 18] the Amended Complaint, and Plaintiff filed two motions to stay [Docket Items 22 & 25].

**C. Parties' Arguments**

In his motion to dismiss, Defendant Holmes argues that, in his official capacity, he is not amenable to suit under § 1983 and is barred from suit by the Eleventh Amendment; claims against him in his individual capacity fail because of his lack of personal involvement; he cannot be held liable under respondeat superior; Plaintiff has not pled the dates when he complained to Holmes about the mail room staff's behavior and whether he complained after the last incident of mail-opening; and Plaintiff's claims are moot because Plaintiff is no longer at SWSP.

5

In opposition [Docket Item 20], Plaintiff argues that he adequately alleged Holmes' personal involvement by pleading that Holmes allowed the known, customary practice of discarding IRSFs to continue and failed to respond after Plaintiff informed him, via mail and in person, about his unprocessed ISRFs; Plaintiff cannot provide exact dates because his notes were lost; discovery would show the exact dates when Holmes visited Plaintiff's unit and, thus, when Plaintiff personally complained; and his claims are not moot because he could be transferred back to SWSP during his life sentence.

In reply [Docket Item 21], Defendant Holmes argued that the issue is not whether Plaintiff could be transferred back to SWSP, but whether there is a reasonable likelihood that he would be transferred back.

In Plaintiff's first motion to stay, he sought a stay of adjudication of the motion to dismiss until he could conduct discovery. In Plaintiff's second motion to stay, he sought a stay until the Court adjudicated an attached request to amend his complaint.

Defendant Holmes also opposed Plaintiff's first motion to stay, arguing that, if he is entitled to qualified immunity, then he should not be subject to the discovery process. Holmes opposed Plaintiff's motion to stay/amend on the grounds that amendment would be futile.

**III. MOTION TO DISMISS**

Defendant Holmes' motion to dismiss will be granted in part and denied in part. Claims against Holmes in his official capacity will be dismissed with prejudice; claims against him in his individual capacity will proceed.

**A. Standard of Review**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

A "district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" except that a "document integral to or explicitly relied upon in the complaint may be considered . . . ." In re Burlington Coat Factory, 114 F.3d at 1426 (citations omitted).

**B. Mootness**

As a preliminary matter, the Court "must determine whether the [Plaintiff's] claims are moot because 'a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case

7

before them.'" Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton, 323 F.3d at 248. But a transfer does not moot claims for damages: "plaintiffs' claims for damages remain despite their transfer out of the [prison unit] . . . ." Id. at 249.

In this case, Plaintiff seeks damages and, therefore, his claims are not moot.[1]

**C. Official Capacity**

Plaintiff's claims against Defendant Holmes in his official capacity will be dismissed with prejudice because he is a New Jersey state employee and both § 1983 and the Eleventh Amendment prohibit suits against state employees in their official capacities. "A state, its agencies, and its actors in their

---

[1] Furthermore, even if Plaintiff were seeking declaratory or injunctive relief, his claims are not necessarily moot. Such claims "are not mooted when a challenged action is (1) too short in duration 'to be fully litigated prior to its cessation or expiration'; and (2) 'there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again.'" Sutton, 323 F.3d at 248 (quoting Abdul Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993)). While Plaintiff has been transferred out of SWSP, the Court cannot determine whether there is a "reasonable likelihood" that Plaintiff would return to SWSP or whether the alleged wrongs were "too short in duration" to be fully litigated. The parties' briefing did not discuss New Jersey state prison transfer policies for inmates with life sentences, the average length of incarceration at SWSP before transfer, or the circumstances that led to Plaintiff's transfer.

official capacities are not persons who may be sued under § 1983." Smith v. New Jersey, 908 F. Supp. 2d 560, 563 (D.N.J. 2012); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). "Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).

Claims against Holmes in his individual capacity are, however, permissible under § 1983 and the Eleventh Amendment. See Hafer, 502 U.S. at 23 ("state officials sued in their individual capacities are 'persons' for purposes of § 1983"); Walker v. Beard, 244 F. App'x 439, 440 (3d Cir. 2007) ("the Eleventh Amendment does not preclude a suit against a state official in his or her individual capacity").

The Court will dismiss claims against Defendant Holmes in his official capacity, but not in his individual capacity.[2]

---

[2] In the motion to dismiss, Holmes' counsel noted that Defendant Balicki has not been properly served and that Holmes' arguments also apply to Balicki. (Def. Br. Supp. Mot. Dismiss at 1 n.1.) Because Balicki has not been served and, thus, has not responded to Plaintiff's Amended Complaint, the Court will not adjudicate claims against her at this time.

**D. Specificity of Pleading**

Defendant Holmes also challenges Plaintiff's Amended Complaint on the grounds that Plaintiff is suing him based on a respondeat superior theory and has not adequately alleged that Plaintiff was involved with the wrongs at issue in this case. Holmes argues that Plaintiff failed to plead the exact dates when he complained to Holmes about the mail room staff's behavior and has not pleaded whether his complaints to Holmes occurred after the last instance that his legal mail was opened, in which case Holmes would not have had actual knowledge of the mail-opening while it was occurring.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has not relied on respondeat superior and has, instead, alleged a basis for Holmes' personal involvement in the alleged wrongs.

Plaintiff pleaded that Holmes was aware of the mail-opening practice, that he personally complained to Holmes about the mail-opening practice, that he personally complained about the practice of discarding certain ISRFs, and that he mailed Holmes copies of his unprocessed ISRFs. These allegations are sufficient to survive Holmes' motion to dismiss.

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must plead a plausible claim for relief, but he need not plead every date that particular incidents occurred. Furthermore, pro se complaints are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) ("pro se complaints in particular should be construed liberally").

Holmes emphasizes that Plaintiff has not pleaded specific dates showing that he knew about the mail-opening while it was occurring. But Plaintiff has pleaded that Holmes was aware of the practice of discarding certain ISRFs, including Plaintiff's ISRFs complaining about the opening of his mail, which, assuming the truth of Plaintiff's allegations, is tantamount to condoning the practice of opening legal mail. Holmes' argument lacks merit.

In sum, Defendant Holmes' motion to dismiss will be granted in part and denied in part. Claims against Holmes in his official capacity will be dismissed with prejudice. Claims against Holmes in his individual capacity will not be dismissed. Holmes shall file an answer to Plaintiff's Amended Complaint

within 21 days of the entry of this Opinion and the accompanying order on the docket. See Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. PLAINTIFF'S FIRST MOTION TO STAY

Plaintiff's first motion to stay [Docket Item 22] seeks an order staying Defendant Holmes' motion to dismiss until Plaintiff obtains discovery of the names of the mail room employees who were working on the days his mail was opened. In addition to staying the motion to dismiss, Plaintiff also asks the Court to compel the discovery he seeks.

"A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010). The Mann court held that "the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss." Id. at 239-40; see also Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding").

Holmes' motion to dismiss has now been adjudicated and Plaintiff's claims against Holmes in his individual capacity will proceed. Defendant Holmes shall file an answer within 21 days and then, as the Court previously explained, "Plaintiff will have the opportunity in due course to seek discovery of the identities of the John Doe Defendants and to promptly thereafter

12

propose a Second Amended Complaint that names them." [Docket Item 10 at 3.]

### V. PLAINTIFF'S SECOND MOTION TO STAY/MOTION TO AMEND

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." However, the court may deny leave to amend on grounds "such as undue delay, bad faith, dilatory motive, prejudice and futility." <u>Calif. Pub. Employees' Ret. Sys. V. Chubb Corp.</u>, 394 F.3d 126, 165 (3d Cir. 2004). An amendment is futile where the complaint, as amended, would fail to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6). <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997).

Plaintiff's second motion to stay seeks an order "to stay the Defendant's motion to dismiss complaint pending the Plaintiff's motion for leave to amend the complaint with supporting documents." [Docket Item 25 at 1.] Plaintiff seeks to attach a declaration dated January 28, 2014 [Docket Item 25 at 12-15] to his Amended Complaint with new allegations relating to the same conduct in his original complaint. He alleges that, from August 2011 to January 2012, he was in the detention/administrative segregation unit ("ASU"). (<u>Id.</u> ¶ 1.) While he was in ASU, he submitted multiple ISRFs, personally

13

informed Holmes twice of the problems with opening of his mail, and received no response to his ISRFs. (Id. ¶¶ 2-9.)

Holmes opposed this motion, arguing that amendment would be futile because Plaintiff's new allegations still do not show Holmes' knowledge of the mail-opening and because Plaintiff's transfer out of SWSP moots his claims. The Court has already dispensed with both of Holmes' arguments above. Plaintiff's amendment would not be futile, and the Court will permit it.

**VI.   CONCLUSION**

Defendant Holmes' motion to dismiss is granted in part and denied in part. Claims against Holmes in his official capacity are dismissed with prejudice. Claims against him in his individual capacity will proceed, and Holmes shall file an answer within 21 days. Plaintiff's motion to stay is denied, but his motion to amend his complaint is granted. The declaration dated January 28, 2014 [Docket Item 25 at 12-15] shall be added to Plaintiff's Amended Complaint, so that the Amended Complaint shall be deemed to also include the allegations in Plaintiff's declaration of January 28, 2014.

The accompanying Order will be entered.


 April 25, 2014                           s/ Jerome B. Simandle
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge