```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KASEEM ALI-X, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 12-3147 (JBS-KMW) |
| ALL THE EMPLOYEES OF THE MAIL ROOM STAFFS, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

KASEEM ALI-X, Plaintiff pro so
260516
New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

ALEX ZOWIN, Deputy Attorney General
State of New Jersey, Office of the Attorney General
Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625
    Attorney for Defendant Christopher Holmes

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

   This matter comes before the Court on Kaseem Ali-X's ("Plaintiff") second motion to amend his complaint. Second Motion to Amend, Docket Entry 57. Defendant Christopher Holmes opposes the motion. Opposition, Docket Entry 58. This motion is being considered on the papers pursuant to Fed. R. Civ. P.

78(b). For the reasons stated below, the motion to amend the complaint is granted in part and denied in part.

## II. BACKGROUND

Plaintiff filed a complaint on May 29, 2012 alleging that mail room employees in South Woods State Prison ("SWSP") opened his properly-marked incoming legal mail outside of his presence and that SWSP administrators allowed subordinates to discard his written complaints about the opening of his mail. Complaint, Docket Entry 1. On June 8, 2012, the Court granted Plaintiff's *in forma pauperis* application and ordered service upon the named defendants. Docket Entry 2. The Court additionally ordered Plaintiff to submit an amended complaint naming the fictitious defendants within 180 days. *Id.*

Plaintiff thereafter wrote to Defendant Christopher Holmes, Administrator of SWSP, to request the names of the mail room employees who were working on the specific days that he alleges his mail was opened. Plaintiff provided a copy of this letter to the Court. Docket Entry 3 at 2. Plaintiff also wrote to Gary Lanigan, the Commissioner of the Department of Corrections, and Jeffrey Chiesa, the New Jersey Attorney General at that time, requesting the names so as to serve defendants a copy of the complaint. Docket Entry 6; Docket Entry 7 at 9. After receiving no responses to his inquires, Plaintiff filed a Motion to Stay Proceedings to Enforce a Judgment Pending Discovery. Docket

Entry 7. The Court permitted Plaintiff to file an amended complaint within 30 days "naming the Administrator of South Woods State Prison as a nominal Defendant, and naming as Defendants John Does 1-10, who are the presently unidentified mail room employees on the nine dates at issue." March 4, 2013 Order, Docket Entry 8 at 3.

Plaintiff filed a proposed amended complaint on April 2, 2013, naming Holmes, John Does 1-10, and Karen Balicki, also a SWSP administrator, as defendants. First Motion to Amend, Docket Entry 9. The Court granted the motion and directed the Clerk's Office to file the amended complaint. First Amended Complaint ("FAC"), Docket Entry 11. In its order, the Court noted that "[a]fter the named Defendants are served and respond to the Amended Complaint, Plaintiff will have the opportunity in due course to seek discovery of the identities of the John Doe Defendants and to promptly thereafter propose a Second Amended Complaint that names them." May 9, 2013 Order, Docket Entry 10 at 3.

Defendant Holmes filed a motion to dismiss the FAC,[1] and Plaintiff moved to stay adjudication of that motion until he could conduct discovery and amend his complaint. Motion to Dismiss, Docket Entry 18; Motion to Stay, Docket Entry 22;

---

[1] Defendant Balicki has never been served a copy of the complaint. Notice of Unexecuted Summons, Docket Entry 13.

3

Motion to Stay/Amend, Docket Entry 25. The Court dismissed the claims against Holmes in his official capacity but permitted the individual capacity claims to proceed. April 25, 2014 Opinion, Docket Entry 27. The Court granted Plaintiff's motion to amend his complaint to include a declaration dated January 28, 2014 "alleg[ing] that, from August 2011 to January 2012, he was in the detention/administrative segregation unit ('ASU'). While he was in ASU, he submitted multiple ISRFs,[2] personally informed Holmes twice of the problems with opening of his mail, and received no response to his ISRFs." *Id.* at 13-14.[3]

Plaintiff filed this motion to amend on February 10, 2016. In his proposed Second Amended Complaint ("SAC"), Plaintiff sets forth the names of the relevant mail room employees. SAC ¶¶ 10-34. He also adds new claims, including Fourth Amendment, access to the courts, retaliation, cruel and unusual punishment, equal protection, and due process claims. Defendant Holmes objects to the amendments on the grounds of the statute of limitations and futility of amendment. Plaintiff did not file a response to the opposition papers.

---

[2] Inmate Remedy System Forms.
[3] For purposes of this opinion, the First Amended Complaint is comprised of the amended complaint filed on April 2, 2013 and the January 28, 2014 declaration.

### III. STANDARD OF REVIEW

Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Once a responsive pleading is filed, Petitioner may only amend his pleadings with Respondent's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Respondent does not consent to the amendment. *See generally* Opposition.

A court may deny leave to amend a pleading where it court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

### IV. ANALYSIS

Defendant argues the motion should be denied on futility grounds as the claims raised in the proposed second amended complaint are barred by the statute of limitations and do not relate back to the initial complaint.

**A. Statute of Limitations**

The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (internal citations and quotation marks omitted). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Id.* In order for the SAC to fall within the statute of limitations, the date of accrual can be no later than February 10, 2014.

Here, Plaintiff alleges his injuries occurred during his time at SWSP between 2009-2012. SAC ¶ 37. Specifically, he alleges he filed grievances at various points in time in 2010 and 2011 concerning the wrongful opening of his legal mail.[4] *Id.* He also alleges he "suffered cruel and unusual punishment, while in administrative segregation [from August 2011 to January

---

[4] Plaintiff alleges his legal mail was opened outside of his presence on May 24, June 12, July 9, July 23, and August 13, 2010, as well as on April 2, July 11, September 27, and September 30, 2011. SAC ¶ 55.

6

2012]." *Id.* ¶ 48. He further alleges his mail was opened as an act of retaliation "because Plaintiff is known for filing Grievance complaints against the wrongdoings of prison officials . . . ." *Id.* ¶ 40. It is clear from the face of the SAC that a reasonable plaintiff would have known that he had potential claims long before February 2014 as none of the new claims are based on facts that have only just been learned; therefore, the claims in the SAC are barred by the statute of limitations unless they relate back to the original complaint.

   1. *Legal Mail Claims*

   Plaintiff seeks to amend his claims regarding the opening of his legal mail to include the names of the prison employees who either opened his legal mail outside of his presence or who had knowledge of the violations and failed to intervene.[5]

   Rule 15(c) states in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when: the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). New Jersey Rule 4:26-4 provides in pertinent part:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under

---

[5] These new defendants include: David McKishen, H. Ortiz, I. Reyes, Vastano, T. Miller, C. Pierce, C. Jones, R. Charlesworth, R. Ayars, D. Ruiz, J. Kilman, E. Brainard, J. Ginyard, Z. Ennals, C. Williams, B. McIver, P. Davis, D. Wells, B. Malpica, L. Vastano, J. Elbuef, J. Thompson, J. Seguinot, M. Maniscalo, and K. Davis. SAC ¶¶ 10-34.

> a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.

N.J. Ct. R. 4:26-4. "[T]here are three principal requirements to invoke the fictitious party rule: 1) the complaint must contain a description sufficient to identify the defendant; 2) the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint; and 3) application of the fictitious party must not prejudice the defendant." *Whichard v. Willingboro Twp.*, No. 13-3606, 2015 WL 5054953, at *4 (D.N.J. Aug. 26, 2015) (citing cases); *see also McGill v. John Does A-Z*, 541 F. App'x 225, 227-28 (3d Cir. 2013).

The initial complaint identified the potential defendants as SWSP mail room employees who worked in the mail room on specific dates, sufficiently identifying those who may be liable to Plaintiff. Furthermore, Plaintiff clearly exercised due diligence in attempting to ascertain the true identifies prior to the expiration of the statute of limitations. He wrote to Defendant Holmes, Commissioner Lanigan, and former Attorney General Chiesa in October 18, 2012 seeking the names of the relevant mail room employees. *See* Motion to Stay at 5-6. Having received no responses to his inquires, he filed a motion with the Court. Docket Item 7. Plaintiff should not be denied the opportunity to include potentially liable parties merely because

the State refused to disclose their names until years later. Finally, Defendants make no argument as to how replacing the John Doe designations with the real names would prejudice them.[6] The Court therefore finds that Plaintiff has satisfied the requirements of New Jersey's fictitious party rule, and the mail room defendants shall be added.

   *2. Other Claims*

   The other claims raised, with some exceptions, in the SAC do not relate back to the original complaint.

   Plaintiff's Eighth Amendment conditions of confinement claim is based on his time in the ASU. SAC ¶ 49. Although he mentioned the ASU in his FAC, it was only in reference to his interactions with Holmes and Holmes' purported knowledge of the legal mail issues. January 28, 2014 Declaration ¶¶ 9-10. Nothing in the FAC sets forth a "common core of operative facts" such that defendants would be on notice that Plaintiff intended to challenge the conditions of his confinement in the ASU. *See Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ("[I]t is well-established that the touchstone for relation back is fair notice . . . ."). Likewise, to the extent Plaintiff attempts to raise a due process claim based on a disciplinary sanction from

---

[6] Nothing in this opinion and order should be construed as denying the new defendants the ability to file a motion to dismiss based on the statute of limitations.

9

the law librarian, SAC ¶ 47, that claim also does not have a common factual core with his complaints about the mail room's handling of his legal mail.[7]

Finally, Plaintiff alleges his mail was opened out of retaliation for filing grievances against various prison officials and in violation of his equal protection rights. SAC ¶¶ 40, 62. The fact that these claims arise out of the mail tampering claim is insufficient for them to relate back. "[W]here the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests, the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'" *Glover*, 698 F.3d at 146 (second and third alterations in original) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)). "[F]actual overlap alone is not enough, because the original complaint must have given fair notice of the amended claim to qualify for relation back under Rule 15(c)." *Id.* at 147. Here, the original complaint only alleged the mail was opened. It is an entirely new legal theory that the opening was retaliatory and discriminatory in nature, and

---

[7] Such a claim would also likely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) as Plaintiff has not pled sufficient facts for the Court to infer his disciplinary charges have been overturned.

10

nothing in the original complaint can fairly be read to put defendants on notice of these additional theories of liability. "Rule 15(c) cannot save a complaint that obscures the factual predicate and legal theory of the amended claim." *Id.* at 147–48. These claims therefore do not relate back.[8]

To the extent Plaintiff raises a Fourth Amendment challenge to the opening of his mail, such a claim would relate back to the original complaint, as would his due process challenge to the handling of his prison grievances and any access to the courts claim as the original complaint suffices to put defendants on notice of these claims. Permitting amendment of the complaint to include these claims would be futile, however.

**B. Futility**

In assessing futility under Federal Rule of Civil Procedure 15, the Court uses the same standard as Rule 12(b)(6). *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). The Court must examine the proposed amended pleading and determine whether, after giving Petitioner the

---

[8] Even if these claims did relate back, they would still not survive a motion to dismiss as the SAC does not set forth any facts supporting Plaintiff's allegations of retaliatory and discriminatory motives. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

11

benefit of all reasonable inferences, the proposed amendment states a claim for relief on its face.

    *1. Due Process*

Plaintiff alleges defendants Balicki and Middleton violated his due process rights by "knowingly obstructing the exhaustion procedures under the Prison Litigation Reform Act . . . ." SAC ¶¶ 37-38; *id.* ¶ 46. Access to prison grievance procedures, however, is not a constitutionally-mandated right. *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015). "[A]llegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983." *Id.* (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)); *see also Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del.) *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). As this claim would be dismissed with prejudice as legally deficient, it would be futile to permit the complaint to be amended to include it.

    *2. Fourth Amendment*

Plaintiff argues defendants violated the Fourth Amendment. Although he does not expand on this clam, presumably he is asserting that the opening of his mail was an unreasonable search. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within

12

the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and numerous lower courts have held that this applies as well to searches of a prisoner's incoming mail, *see, e.g.*, *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pre-trial detainee has no reasonable expectation of privacy in cell; no Fourth Amendment violation when inmate not present during search of legal materials); *Horacek v. Grey*, 2010 WL 914819 at *5 (W.D. Mich. Mar. 12, 2010); *Thomas v. Kramer*, 2009 WL 937272 at *2 (E.D. Cal. Apr.7, 2009); *Hall v. Chester*, 2008 WL 4657279 at *6 (D. Kan. Oct. 20, 2008); *Rix v. Wells*, 2008 WL 4279661 at *2 (M.D. Fla. Sept. 16, 2008). This claim is more appropriately addressed under the First Amendment. *See Jones v. Brown*, 461 F.3d 353, 358–59 (3d Cir. 2006).

   *3. Access to the Courts*

   Plaintiff states that defendants have violated his First and Fourteenth Amendment right to access the courts. "To establish a cognizable [access to the courts] claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The relevant injury in an access to the courts claim is the loss of a non-frivolous claim regarding Plaintiff's criminal conviction or the conditions of his confinement.

13

*Christopher*, 536 U.S. at 415; *Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109, 112-13 (3d Cir. 2015).

Permitting amendment of the complaint to include an access to the courts claim would be futile as Plaintiff has not alleged that the opening of his mail caused him to lose a non-frivolous claim. The claim would therefore have to be dismissed, making amendment futile.

**IV. CONCLUSION**

For the reasons stated above, the motion to amend is granted only to the extent that the names of the mail room employees shall replace the John Doe defendants. The motion is otherwise denied as barred by the statute of limitations and as futile.

An accompanying Order will be entered.

 **September 28, 2016**            **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                     Chief U.S. District Judge