```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
KASEEM ALI-X,                      :
                                   :
         Plaintiff,                :   Civ. No. 12-3147 (NLH) (KMW)
                                   :
    v.                             :   OPINION
                                   :
                                   :
                                   :
                                   :
DAVID MCKISHEN, et al,`            :
                                   :
                                   :
         Defendants.               :
_____:
```

APPEARANCES:

Kaseem Ali-X, 000422722B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625,
    Plaintiff pro se

Gurbir S. Grewal, Attorney General of New Jersey
Kai W. Marshall-Otto, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Counsel for Defendants

HILLMAN, District Judge

    Defendants R. Ayars, E. Brainard, R. Charlesworth, K. Davis, P. Davis, Z. Ennals, J. Ginyard, C. Jones, J. Kilman, B. Malpica, M. Maniscalo, B. McIver, T. Miller, H. Ortiz, C. Pierce, D. Ruiz, J. Thompson, L. Vastano, D. Wells, and C. Williams ("the mailroom defendants") move for summary judgment

on Plaintiff Kaseem Ali-X's amended complaint alleging that they opened his legal mail.  Defendants Christopher Holmes and David McKishen likewise move for summary judgment on Plaintiff's claim that they failed to supervise their subordinates and stop the alleged infringement on Plaintiff's First Amendment rights.

At issue is Defendants' Motion for Summary Judgment, which is ripe for adjudication.  See ECF No. 89.  The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this case concerns a federal question.  The Court finds that no reasonable jury could conclude that Plaintiff has met his burden of proof on showing the mailroom defendants were personally involved in any constitutional violation.  Additionally, Holmes and McKishen are entitled to qualified immunity.  For the reasons that follow, the Court will grant the Motion.

I.   BACKGROUND

A.   Undisputed Facts

Plaintiff was incarcerated in South Woods State Prison, Bridgeton, New Jersey from approximately May 2010 to September 2011.  ECF No. 96 at 3 ¶ 1.  He is presently confined in New Jersey State Prison in Trenton.  Id. ¶ 1.

Plaintiff alleges that legal mail was opened outside of his presence on May 24, 2010; June 12, 2010; July 9, 2010; July 23, 2010; August 13, 2010; March 27, 2011; July 11, 2011; September

27, 2011; and September 30, 2011.  Id. at 4.  Plaintiff alleges the mailroom defendants opened his legal mail on one or more of those dates.  Id. ¶ 5.  Plaintiff alleges McKishen and Holmes failed to correct the violations by the mailroom defendants.  Id. at 11 ¶¶ 21-22.

Plaintiff filed an amended complaint on May 9, 2013.  ECF No. 11.  On September 28, 2016, the Court permitted Plaintiff to substitute the names of the mailroom defendants for the John Doe mailroom employees.  ECF No. 61 (granting motion with mailroom defendants' names at ECF No. 57).

II. STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id. at 250.  The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.  Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Carrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

III. DISCUSSION

The only remaining claims in the amended complaint are Plaintiff's assertions that the mailroom defendants opened his

legal mail outside of his presence and that Defendants McKishen and Holmes failed to remedy the constitutional violation.

The Constitution permits prisons to restrict prisoners' right to send and receive mail for legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). However, "prisoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails,' and . . . a 'pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech.'" Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) (quoting Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995)) (alteration in original). Prisoners' legal mail is accorded heightened protection because "opening properly marked court mail . . . chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." Id. at 358–59 (internal quotation marks omitted).

A.  Personal Involvement

Defendants argue that Plaintiff cannot meet his burden of proof on the mailroom defendants' personal involvement in the alleged violations.[1] The Court is constrained to agree. The

---

[1] Defendants also argue that Plaintiff failed to exhaust his administrative remedies. The Court does not address that

5

Third Circuit has recently emphasized that "in the face of motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018). Plaintiff's evidence against the mailroom defendants consists of the fact that they were working in the mailroom on the dates he alleges his legal mail was opened. See ECF No. 96 at 9 ¶ 15 (stating the mailroom defendants were named because "Defendant Christopher Holmes provided me the names of his subordinates who worked on the specific days that my legal mail was unlawfully opened outside of my presence").

Plaintiff cannot meet his burden of proof and survive summary judgment merely by showing that the mailroom defendants were present in the mailroom on the days in question; he must be able to present some evidence beyond a scintilla that each named individual was involved in opening his legal mail. "'Each Government official . . . is only liable for his or her own misconduct.' And, a fortiori, if entities and supervisors may not be vicariously liable under § 1983 for the constitutional violation of a given individual, neither may that individual's cohorts who happen to be in the immediate vicinity." Jutrowski,

---

argument as it finds that Plaintiff cannot meet his burden of proof on summary judgment.

6

904 F.3d at 290 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)) (emphasis in original); see also Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002) ("[A] plaintiff could not hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct.").

The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiff bears the burden of proof at trial, and he has not presented any evidence that the mailroom defendants were involved in the opening of or tampering with his legal mail. He cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130–31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990).

The mailroom defendants are entitled to judgment as a matter of law.

B.  Qualified Immunity

Turning to Plaintiff's claims that Defendants McKishen and Holmes failed to remedy the constitutional violations, the Court finds that Defendants McKishen and Holmes are entitled to qualified immunity.

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"  D.C. v. Wesby, 138 S. Ct. 577, 589 (2018) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)). The first prong of the analysis "asks whether the facts, [t]aken in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a [federal] right[.]" Tolan v. Cotton, 572 U.S. 650, 655-56 (2014) (internal quotation marks and citations omitted) (alterations and omissions in original).  "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." Id. at 656 (internal citation and quotation marks omitted). "Courts have discretion to decide the order in which to engage these two prongs."  Id.

The Court finds that Plaintiff has not proven a violation of a constitutional right.  "Under § 1983, 'a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

8

the person in charge, had knowledge of and acquiesced in his subordinates' violations.'" Diaz v. Palakovich, 448 F. App'x 211, 215 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 129 & n.5 (3d Cir. 2010) (omission in original)). See also A.M. ex rel. J.M.K. v. Luzerne Cnty., 372 F.3d 572, 586 (3d Cir. 2004).

Plaintiff alleges that his legal mail was opened without his consent and outside of his presence on nine occasions. However, Plaintiff has not provided the Court with copies of the mail.[2] In response to Plaintiff's July 11, 2011 grievance about his allegedly opened mail, McKishen responded "Legal mail is defined by [N.J.A.C.] 10A:18-3.3 the return address must be obviously from a legal source. During our interview you were unable to provide any evidence." ECF No. 89-4 at 80. McKishen wrote on December 12, 2011 in response to another grievance: "Without the Envelope we can not determine if the letter was legal or opened outside of your presence. Staff have been instructed to be diligent in identifying and properly sorting

---

[2] Plaintiff's opposition states that he "sent both the Court and counsel for the Defendants copies," ECF No. 96 at 8 ¶ 13, but he does not identify when in the seven-year history of this case these copies were sent or what to which documents they were attached. "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party . . . ." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). It is not incumbent on the Court to search the docket looking for the parties' evidence. See Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

9

legal mail." Id. at 81. There is at most evidence of a single violation on July 11, 2011 as witnessed by Lee Dixon, Plaintiff's cellmate. See ECF No. 96 at 24.[3] Isolated incidents of interference with legal mail are not actionable under the First Amendment absent evidence of an improper motive or evidence of injury. See, e.g., Nixon v. Sec'y Pa. Dep't of Corr., 501 F. App'x 176, 178 (3d Cir. 2012).

Because Plaintiff has not provided evidence of the mailroom defendants' individual liability or evidence of a pattern of constitutional violations for opening clearly marked legal mail, he has not proven the liability of McKishen or Holmes as supervisors. McKishen and Holmes are therefore entitled to qualified immunity.

IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted. An appropriate Order follows.


Dated: December 10, 2019          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[3] Mr. Dixon also indicated he saw opened legal mail on April 2, 2011, but this date is not among the dates listed in the complaint.