```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                    :
KASEEM ALI-X,                       :
                                    :
        Plaintiff,                  :   Civ. No. 12-3147 (NLH) (KMW)
                                    :
    v.                              :   OPINION
                                    :
DAVID MCKISHEN, et al,`             :
                                    :
        Defendants.                 :
_____:

APPEARANCES:

Kaseem Ali-X, 000422722B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625
    Plaintiff *pro se*

Gurbir S. Grewal, Attorney General of New Jersey
Kai W. Marshall-Otto, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    *Counsel for Defendants*

HILLMAN, District Judge

On December 10, 2019, the Court granted summary judgment to Defendants R. Ayars, E. Brainard, R. Charlesworth, K. Davis, P. Davis, Z. Ennals, J. Ginyard, C. Jones, J. Kilman, B. Malpica, M. Maniscalo, B. McIver, T. Miller, H. Ortiz, C. Pierce, D. Ruiz, J. Thompson, L. Vastano, D. Wells, C. Williams, Christopher Holmes, and David McKishen. ECF No. 100. The Court dismissed defendants J. Seguinot, Karen Balicki, I. Reyes, and

Vastano after Plaintiff failed to explain his failure to serve them with the complaint. ECF Nos. 104, 108.

Plaintiff moves to reinstate Defendants Seguinot, Karen Balicki, and I. Reyes and to belatedly serve them with the amended complaint. ECF No. 110. He also objects to dismissing defendant J. Elbuef. Id.

For the reasons that follow, the Court will grant the motion for relief in part. The Court will vacate the order dismissing Defendants Seguinot, Balicki, and Reyes, but Plaintiff must show cause within 30 days why these defendants should not be dismissed either for lack of service or lack of prosecution.

I.   BACKGROUND

Plaintiff filed his original complaint against unnamed mailroom employees at South Woods State Prison ("SWSP") on May 29, 2012, alleging his legal mail had been opened outside of his presence. ECF No. 1. The Honorable Jerome B. Simandle, D.N.J.,[1] permitted the claim to proceed but required Plaintiff to file an amended complaint "identifying by name the fictitious defendants who are alleged to have engaged in a pattern and practice of opening his properly-marked legal mail outside of his presence. . . ." ECF No. 2 at 4. Plaintiff submitted an amended

---

[1] The matter was reassigned to the undersigned on August 8, 2019. ECF No. 90.

2

complaint asserting that he had written Christopher Holmes, the SWSP Administrator at the time, former Department of Corrections Commissioner Gary Lanigan, and former New Jersey Attorney General Jeffrey Chiesa asking for the names of the SWSP employees who had been working in the mailroom on the identified dates, but they never responded. ECF No. 9. Judge Simandle permitted the amended complaint to proceed against Karen Balicki and Defendant Holmes on May 9, 2013. ECF No. 10.

Summonses were issued to Defendants Balicki and Holmes on May 10, 2013. ECF No. 12. The U.S. Marshals served Defendant Holmes on August 16, 2013. ECF No. 14. The summons sent to Defendant Balicki had been returned as unexecuted on May 29, 2013. ECF No. 13. The Marshal certified service on Balicki had not been completed because "NJDOC employee retired." Id.

On February 18, 2016, Plaintiff moved to amend the complaint again. ECF No. 57. The second amended complaint included the names of the individual mailroom workers and added additional claims against Defendants. Id. Judge Simandle permitted Plaintiff to substitute the names of the individual mailroom workers for the John Doe defendants but denied Plaintiff's attempt to add new claims to the complaint. ECF No. 60. Summonses were issued to R. Ayars, E. Brainard, R. Charlesworth, K. Davis, P. Davis, Z. Ennals, J. Ginyard, C. Jones, J. Kilman, B. Malpica, M. Maniscalo, B. McIver, David

3

Mckishen, T. Miller, H. Ortiz, C. Pierce, I. Reyes, D. Ruiz, J. Seguinot, J. Thompson, Vastano, L. Vastano, D. Wells, and C. Williams on December 5, 2016.  ECF No. 65.  The summonses issued to Defendants Reyes and Seguinot were returned as unexecuted on January 25, 2017.  ECF No. 67.[2]  Summonses were not issued for Defendant Elbuef through an administrative error.  See ECF No. 105.  The other defendants were served and answered the complaint on February 15, 2017.[3]  ECF No. 71.

The Court granted summary judgment to the represented Defendants on December 10, 2019.  ECF No. 100.  In preparing to close the case, the Court noted that Defendants Reyes, Seguinot, Balicki, Elbuef had never been served with the second amended complaint.  On December 11, 2019, the Court ordered Plaintiff to show cause within 14 days why Defendants Reyes, Seguinot, and Balicki should not be dismissed for failure to serve.  See ECF Nos. 101 & 102.

---

[2] The Marshals stated that "[a]s of January 17 Roster no J. Seguinot @ South woods 1/11/17 and 1132 hours."  ECF No. 67 at 1.  The Marshal stated Defendant Reyes could not be served because there was "[n]o Officer Reyes on South woods officer log 1/11/17 1130hours."  Id. at 4.

[3] The second amended complaint listed two proposed defendants with similar names, "Vastano" and "L. Vastano," separately in the caption.  ECF No. 57 at 5.  ECF No. 106.  The Clerk of the Court, relying on the caption of the second amended complaint, presumed these names to refer to two separate people and issued two sets of summonses to be served by the Marshals.  ECF No. 65.  The New Jersey Attorney General's Office entered an appearance on behalf of "L. Vastano," but not "Vastano."  ECF No. 69.

4

On December 13, 2019, Plaintiff filed a "certification of service" "concerning loss personal property caused by Defendant's Holmes [sic] purposeful abuse of Grievance system as added to previous submitted Responsive Statement of Material Facts."  ECF No. 103 at 2.  Plaintiff argued that Defendant Holmes had refused to address the grievances he submitted about the alleged opening of his legal mail and the alleged loss of his personal property.  Id.[4]

On December 31, 2019, the Court dismissed Plaintiff's claims against Reyes, Seguinot, and Balicki because Plaintiff had not responded to the orders to show cause.  ECF No. 104 (citing Fed. R. Civ. P. 4(m)).  The Court also ordered Plaintiff to show cause why Defendant Elbuef should not be dismissed for failure to serve, ECF No. 105, and to clarify whether "L. Vastano" and "Vastano" were two separate individuals and, if so, why "Vastano" should not be dismissed, ECF No. 106.

On January 6, 2020, Plaintiff requested three 285 forms so he could serve three defendants.  ECF No. 107.  He did not otherwise respond to the Court's order to show cause, so the

---

[4] In addition to being an unauthorized sur-reply, this filing did not impact the Court's summary judgment decision because the Court did not reach Defendants' argument that Plaintiff had failed to exhaust his administrative remedies.  ECF No. 99 at 5 n.1.  Rather, the Court concluded Plaintiff had failed to prove Defendants' personal involvement.  Moreover, the second amended complaint did not contain a loss of property claim.

5

Court dismissed "Vastano" as a party on January 28, 2020. ECF No. 108. Plaintiff subsequently wrote to the Court on January 31, 2020 asking for more time to respond to the order to show cause. ECF No. 109.

Plaintiff filed the instant motion "for relief from Orders and for service of Summary Judgment" on February 22, 2020. ECF No. 110. He requested relief from this Court's orders dismissing Plaintiff's claims against Reyes, Seguinot, and Balicki, ECF No. 104, and requiring him to show cause why Defendant Elbuef should not be dismissed for failure to serve, ECF No. 105. ECF No. 110 at 3 (citing Fed. R. Civ. P. 60(b)(1),(3),(6)). He also asks the Court to provide and to serve Reyes, Seguinot, Balicki, and Elbuef with the second amended complaint. Id.

Plaintiff asserts that he received the Court's order dated November 21, 2019 that granted Defendants until December 6, 2019 to file their summary judgment reply papers. Id. at 5; see also ECF No. 98. He states that he did not receive any other orders from the Court until January 4, 2020. Id. This mailing included the order dismissing Reyes, Seguinot, and Balicki, ECF No 104; the order to show cause for Elbuef, ECF No. 105; and the order to show cause for Vastano, ECF No. 106. Id. Plaintiff claims he did not receive the Court's December 10, 2019 opinion and order granting Defendants' summary judgment motion or the

6

orders to show cause regarding service.  Id.  The defendants who had entered an appearance in the case filed a letter objecting to the motion.  ECF No. 111.

II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) sets forth the circumstances under which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."  Rule 60(b) 'applies only to final judgments and orders."  Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (internal quotation marks omitted); see also Kapco Mfg. Co. v. C & O Enterprises, Inc., 773 F.2d 151, 154 (7th Cir. 1985) ("Rule 60(b) must be limited to review of orders that are independently 'final decisions' under 28 U.S.C. § 1291.").

The orders to which Plaintiff objects were not final orders because they did not resolve all claims against all parties.  "A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  Weber v. McGrogan, 939 F.3d 232, 236 (3d Cir. 2019) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).  The Court therefore cannot consider Plaintiff's arguments under Rule 60(b); however, the Court will consider them as a motion for reconsideration in the interests of justice.

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening

7

change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. DISCUSSION

Plaintiff argues he should be relieved from the Court's orders dismissing certain because he never received notice of the orders to show cause. Because due process requires notice and an opportunity to respond, Mathews v. Eldridge, 424 U.S. 319, 332-35 (1976), the Court will grant the motion for reconsideration only to the extent that Plaintiff seeks relief from the order dismissing Defendants Seguinot, Balicki, and Reyes. ECF No. 104. The Court will not order service at this time; Plaintiff must still respond to the orders to show cause regarding his failure to serve and prosecute his claims against Seguinot, Balicki, Elbuef and Reyes. Plaintiff only argues that he never received notice of the Court's summary judgment decision in favor of "L. Vastano." ECF No. 110 at 5-6. He does not argue that "Vastano" is a separate individual from "L. Vastano." Id. Therefore, the Court will not reinstate "Vastano" as a defendant.

8

To that end, the Court vacates its December 31, 2019 Order dismissing Defendants Seguinot, Balicki, and Reyes.[5] Plaintiff is ordered to show cause why Defendants Seguinot, Balicki, Elbuef, and Reyes should not be dismissed for failure to serve or for lack of prosecution. Fed. R. Civ. P. 4; Fed. R. Civ. P. 41; see also Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court shall direct the Clerk to send a copy of this opinion and order, as well as the Court's decision on summary judgment, to Plaintiff by certified mail to ensure Plaintiff receives a copy. The motion for reconsideration is denied to the extent it requests service on Defendants.

IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is granted in part. Defendants Seguinot, Balicki, and Reyes shall be reinstated. Plaintiff is ordered to show cause within 30 days of this Order why Defendants Seguinot, Balicki, Elbuef, and Reyes should not be dismissed for failure to serve or for lack of prosecution.

An appropriate Order follows.


Dated: September 14, 2020           s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[5] Defendant Elbuef was never dismissed.

9