```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
KASEEM ALI-X,                       :
                                    :
          Plaintiff,                :   Civ. No. 12-3147 (NLH) (KMW)
                                    :
     v.                             :   OPINION
                                    :
                                    :
                                    :
                                    :
DAVID MCKISHEN, et al,`             :
                                    :
                                    :
          Defendants.               :
_____ :
```

APPEARANCES:

Kaseem Ali-X, 000422722B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625,

    Plaintiff pro se

Gurbir S. Grewal, Attorney General of New Jersey
Kai W. Marshall-Otto, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625

    Counsel for Defendants

HILLMAN, District Judge

    On December 10, 2019, the Court granted summary judgment to Defendants R. Ayars, E. Brainard, R. Charlesworth, K. Davis, P. Davis, Z. Ennals, J. Ginyard, C. Jones, J. Kilman, B. Malpica, M. Maniscalo, B. McIver, T. Miller, H. Ortiz, C. Pierce, D.

Ruiz, J. Thompson, L. Vastano, D. Wells, C. Williams, Christopher Holmes, and David McKishen on Plaintiff Kaseem Ali-X's second amended complaint. ECF No. 100. The Court dismissed defendants J. Seguinot, Karen Balicki, I. Reyes, and Vastano after Plaintiff failed to explain his failure to serve them with the complaint. ECF Nos. 104, 108.

Plaintiff filed a motion for reconsideration to the dismissal of Defendants Seguinot, Karen Balicki, and I. Reyes because he did not receive the Court's order to show cause. ECF No. 110. The Court reinstated Defendants Seguinot, Balicki, and Reyes and ordered Plaintiff to show cause within 30 days why those defendants and Defendant J. Elbuef should not be dismissed either for lack of service or lack of prosecution. ECF No. 113.

Plaintiff has not filed a response to the Court's order. Therefore, the Court will dismiss those defendants for failure to prosecute. The second amended complaint shall be dismissed with prejudice.

I.  BACKGROUND

Plaintiff filed his original complaint against unnamed mailroom employees at South Woods State Prison ("SWSP") on May 29, 2012, alleging his legal mail had been opened outside of his presence. ECF No. 1. The Honorable Jerome B. Simandle, D.N.J.,[1]

---

[1] The matter was reassigned to the undersigned on August 8, 2019. ECF No. 90.

permitted the claim to proceed but required Plaintiff to file an amended complaint "identifying by name the fictitious defendants who are alleged to have engaged in a pattern and practice of opening his properly-marked legal mail outside of his presence. . . ." ECF No. 2 at 4. Plaintiff submitted an amended complaint asserting that he had written Christopher Holmes, the SWSP Administrator at the time, former Department of Corrections Commissioner Gary Lanigan, and former New Jersey Attorney General Jeffrey Chiesa asking for the names of the SWSP employees who had been working in the mailroom on the identified dates, but they never responded. ECF No. 9. Chief Judge Simandle permitted the amended complaint to proceed against Karen Balicki and Mr. Holmes on May 9, 2013. ECF No. 10.

Summonses were issued to Defendants Balicki and Holmes on May 10, 2013. ECF No. 12. The U.S. Marshals served Defendant Holmes on August 16, 2013. ECF No. 14. Defendant Balicki's summons was returned as unexecuted on May 29, 2013. ECF No. 12. The Marshal certified service on Defendant Balicki had not been completed because "NJDOC employee retired." Id. Plaintiff wrote to Defendant Holmes' attorney on November 7, 2013 requesting Defendant Balicki's most recent address. ECF No. 20-4.

Defendant Holmes moved to dismiss the complaint on October 21, 2013. ECF No. 18. In December 2013, Plaintiff moved to

3

stay the proceedings pending a motion to compel Defendant Holmes to provide "the names and currently [sic] locations of the unknown Defendants listed as 'mail room staffs' in this suit . . . ."  ECF No. 22 at 2.  On April 25, 2014, Chief Judge Simandle permitted the complaint to proceed against Defendant Holmes in his individual capacity and denied the motion to stay.  ECF No. 27.  Chief Judge Simandle noted that "Defendant Balicki has not been properly served . . . .  Because Balicki has not been served and, thus, has not responded to Plaintiff's Amended Complaint, the Court will not adjudicate claims against her at this time."  Id. at 9 n.2.  Four months later, Plaintiff filed a letter on August 27, 2014 asking the Clerk to issue a subpoena to Commissioner Lanigan asking him to provide Defendant Balicki's current address.  ECF No. 35.

On February 18, 2016, Plaintiff moved to amend the complaint again.  ECF No. 57.  The second amended complaint included the names of the individual mailroom workers and added additional claims against Defendants.  Id.  Chief Judge Simandle permitted Plaintiff to substitute the names of the individual mailroom workers for the John Doe defendants but denied Plaintiff's attempt to add new claims to the complaint.  ECF No. 61.  Once again, Chief Judge Simandle specifically noted that "Defendant Balicki has never been served a copy of the complaint."  ECF No. 60 at 3 n.1.

4

Summonses were issued to R. Ayars, E. Brainard, R. Charlesworth, K. Davis, P. Davis, Z. Ennals, J. Ginyard, C. Jones, J. Kilman, B. Malpica, M. Maniscalo, B. McIver, David McKishen, T. Miller, H. Ortiz, C. Pierce, I. Reyes, D. Ruiz, J. Seguinot, J. Thompson, Vastano, L. Vastano,[2] D. Wells, and C. Williams on December 5, 2016. ECF No. 65. The Clerk did not issue summonses to J. Elbuef or reissue summonses for Ms. Balicki. Id. The summonses issued to Defendants Reyes and Seguinot were returned unexecuted on January 25, 2017. See ECF No. 67.[3] The New Jersey Attorney General's Office entered an appearance for all defendants except Balicki, Reyes, Seguinot, and Elbuef. ECF No. 69.

The Court granted summary judgment to the represented Defendants on December 10, 2019. ECF No. 100. In preparing to

---

[2] The second amended complaint listed two proposed defendants with similar names, "Vastano" and "L. Vastano," separately in the caption. ECF No. 57 at 5. ECF No. 106. The Clerk of the Court, relying on the caption of the second amended complaint, presumed these names to refer to two separate people and issued two sets of summonses to be served by the Marshals. ECF No. 65. The New Jersey Attorney General's Office entered an appearance on behalf of "L. Vastano," but not "Vastano." ECF No. 69. Defendant "Vastano" was terminated as a party on January 28, 2020. ECF No. 108. Unlike the other four unserved defendants, Plaintiff did not object to this termination. ECF No. 112 at 8.

[3] The Marshals stated that "[a]s of January 17 Roster no J. Seguinot @ South woods 1/11/17 and 1132 hours." ECF No. 67 at 1. The Marshal stated Defendant Reyes could not be served because there was "[n]o Officer Reyes on South woods officer log 1/11/17 1130hours." Id. at 4.

5

close the case, the Court noted that Defendants Reyes, Seguinot, Balicki, Elbuef had never been served with the second amended complaint.  On December 11, 2019, the Court ordered Plaintiff to show cause within 14 days why Defendants Reyes, Seguinot, and Balicki should not be dismissed for failure to serve.  See ECF Nos. 101 & 102.

On December 13, 2019, Plaintiff filed a "certification of service" "concerning loss personal property caused by Defendant's Holmes [sic] purposeful abuse of Grievance system as added to previous submitted Responsive Statement of Material Facts."  ECF No. 103 at 2.  On December 31, 2019, the Court dismissed Plaintiff's claims against Reyes, Seguinot, and Balicki because Plaintiff had not responded to the orders to show cause.  ECF No. 104 (citing Fed. R. Civ. P. 4(m)).  The Court also ordered Plaintiff to show cause why Defendant Elbuef should not be dismissed for failure to serve.  ECF No. 105.

On January 6, 2020, Plaintiff requested three 285 forms so he could serve three defendants.  ECF No. 107.  Plaintiff subsequently wrote to the Court on January 31, 2020 asking for more time to respond to the order to show cause.  ECF No. 109.  Shortly thereafter, Plaintiff filed a motion "for relief from Orders and for service of Summary Judgment" on February 22, 2020.  ECF No. 110.  He requested relief from this Court's orders dismissing his claims against Reyes, Seguinot, and

6

Balicki, ECF No. 104, and requiring him to show cause why Defendant Elbuef should not be dismissed for failure to serve, ECF No. 105. Plaintiff argued that he did not receive any orders from the Court between the Court's order dated November 21, 2019 and January 4, 2020. ECF No. 110.

On September 14, 2020, the Court granted the motion for relief in part and reinstated Reyes, Seguinot, and Balicki as parties. Id. The Court ordered the Plaintiff to show cause why Defendants Seguinot, Balicki, Elbuef, and Reyes should not be dismissed for failure to serve or for lack of prosecution. The Clerk sent the opinion and order, as well as the December 10, 2019 opinion and order granting Defendants' summary judgment motion, to Plaintiff by certified mail. Id.[4]

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" A district court should consider six factors when determining whether to dismiss a case under Rule 41(b). Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The relevant factors are:

---

[4] Receipt number 70192970000201952246. ECF No. 114. The United States Postal Service tracking system confirms the mail was delivered to New Jersey State Prison on September 18, 2020.

7

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted). "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

III. DISCUSSION

Eight years after this case was initiated in May 2012, Plaintiff has failed to serve four defendants. The Court gave Plaintiff notice and opportunity to explain the lack of service and why this case should not be dismissed for lack of prosecution. ECF No. 113. Plaintiff did not file a response within the time set by the Court. Therefore, the Court proceeds to the Poulis factors without his input.

A. The Extent of the Party's Personal Responsibility

The Court first considers Plaintiff's personal responsibility for failing to serve the four defendants. Although Plaintiff was not at fault for the administrative error that resulted in the lack of summonses to Elbuef, he does bear the majority of the responsibility for failing to prosecute his

8

case against Defendants Balicki, Reyes, Seguinot, and Elbuef. At no time between the issuing of the summonses on December 5, 2016 and the Court's orders to show cause in December 2019 did Plaintiff inform the Court that four of his defendants were missing from the case. The notice of appearance filed by the New Jersey Attorney General's Office clearly indicated which defendants it was representing. ECF No. 69.

The Court acknowledges that Plaintiff did request a subpoena be sent to former Commissioner Lanigan in 2014 in order to obtain Defendant Balicki's address, ECF No. 35, but Plaintiff failed to follow up on that request even after Chief Judge Simandle specifically noted that Defendant Balicki still had not been served in 2016, ECF No. 60 at 3 n.1. Plaintiff asserted in his motion for relief from judgment that "[a]t no time [did] I receive[] any information that any Defendants were not served via paralegals." ECF No. 110 at 6. Apart from the returned unexecuted summonses, the Court informed Plaintiff twice that he had not served Defendant Balicki. ECF No. 27 at 9 n.2; ECF No. 60 at 3 n.1. The ultimate responsibility to make sure the case is progressing belongs to Plaintiff. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ."). This factor weighs in favor of dismissal.

9

B.  The Prejudice to the Adversary

The second Poulis factor requires the Court to consider the prejudice to the adversary.  This factor weighs in favor of dismissal.  See Adams v. Trustees of N.J. Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) ("Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." (internal quotation marks omitted)).  "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"  Briscoe, 538 F.3d at 259 (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

Plaintiff alleged that legal mail was opened outside of his presence on May 24, 2010; June 12, 2010; July 9, 2010; July 23, 2010; August 13, 2010; March 27, 2011; July 11, 2011; September 27, 2011; and September 30, 2011.  Were the Court to order the four unserved defendants to answer the second amended complaint, they would be forced to defend themselves against allegations dating back to over a decade ago.  This passage of time would be highly prejudicial to the four unserved defendants as their ability to prepare a "full and complete" defense would doubtlessly be impeded by "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the

opposing party."  Adams, 29 F.3d 863 at 874 (internal quotation marks omitted).  In addition, the defendants to whom the Court has already awarded summary judgment would be dragged back into litigation.  "[T]he Defense has an interest in achieving finality in a meritless case that has already proceeded for eight years."  ECF No. 111.  Therefore, this factor supports dismissal.

C.   History of Dilatoriness

The third factor, a history of dilatoriness, does not support dismissal.  Plaintiff has aggressively pursued his claims against the answering defendants.[5]  The Court weighs this factor in Plaintiff's favor.

D.   Willfulness or Bad Faith

There are no facts to warrant an inference of bad faith or willfulness.  "Willfulness involves intentional or self-serving behavior."  Adams, 29 F.3d at 875.  Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe, 538 F.3d at 262, and the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it."  Adams, 29

---

[5] Plaintiff's active pursuant of the answering defendants contrasts with his failure to prosecute his claims against the four unserved defendants, underscoring the Court's conclusion that Plaintiff bears most of the responsibility for failure to serve.

11

F.3d at 876. While Plaintiff may be inexcusably negligent, that is not enough to meet the Poulis standard of willfulness. The Court weighs this factor in Plaintiff's favor.

E.  Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions. Since Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions would not be an effective alternative. See Briscoe, 538 F.3d at 262 citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)). No evidentiary sanctions would be able to mitigate the prejudice caused by Plaintiff's dilatory behavior or delinquency. Hildebrand v. Allegheny Cty., 923 F.3d 128, 136 (3d Cir. 2019). Therefore, the Court finds no sanction short of dismissal would be effective.

F.  Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the Plaintiffs' claims. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.

The claims against all defendants were permitted to proceed past Chief Judge Simandle's review under 28 U.S.C. § 1915. Because Plaintiff has satisfied this "moderate" standard, Adams,

12

29 F.3d at 876, the Court concludes this factor weighs against dismissal.

G.  Balancing

Three of the Poulis factors weigh in favor of dismissal and three weigh against dismissal. "[T]here is no 'magic formula' or 'mechanical calculation'" of the factors. Hildebrand, 923 F.3d at 137.

The Court concludes the factors in favor of dismissal outweigh those against dismissal. The Court gives great weight to the prejudice to the potential adversaries if the Court were to order them to answer the complaint now. Although there is a strong preference for claims to be decided on their merits, there is nothing the Court can do to ameliorate the prejudice by imposing a financial or evidentiary sanction against Plaintiff. The Court also gives significant weight to Plaintiff's responsibility in failing to proceed his claims against the four defendants.

Plaintiff actively litigated this complaint for eight years, for example by filing discovery motions and motions to compel. The lack of bad faith, non-dilatoriness, and potential merit of the claims do support the complaint remaining active, but the prejudice to defendants and the lack of alternative sanctions tip the scales in favor of dismissal.

IV.  CONCLUSION

For the reasons set forth above, Defendants Seguinot, Balicki, Reyes, and Elbuef are dismissed for lack of prosecution.  Fed. R. Civ. P. 41.  The second amended complaint is dismissed with prejudice.

An appropriate Order follows.

Dated: November 3, 2020                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.